UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────

№ 19-CV-3412 (KAM)

───────────────────

UNITED STATES OF AMERICA,

Plaintiff,

VERSUS

ANTHONY ACAMPORA,

Defendant.

───────────────────

REPORT & RECOMMENDATION

───────────────────

February 18, 2020

**To the Honorable Kiyo Matsumoto**
**United States District Judge**

**RAMON E. REYES, JR., U.S.M.J.:**

  The United States of America (the "Government") commenced this action against Anthony Acampora ("Acampora" or "Defendant") on June 8, 2019.  After Defendant failed to answer, the Clerk of the Court noted his default and the Government filed a Motion for Default Judgment. (Dkt. No. 8).  Your Honor referred the Motion for Default Judgment to me on November 19, 2019.  For the reasons discussed below, I respectfully recommend that the motion be denied.

**I.  BACKGROUND**

  This matter concerns Defendant's failure to pay his student loans.  The Government commenced this action on June 8, 2019. (Dkt. No. 1).  On June 10, 2019 the summons and complaint were properly served on Defendant.[1]  Defendant did not answer or otherwise respond to the Complaint and the Clerk of the Court noted Defendant's default on July 15, 2019. (Dkt. No.

---

[1] Defendant was personally served at his residence on June 13, 2019.  (Dkt. No. 4); *see* Fed. R. Civ. P. 4.  Additionally, a copy of the summons and complaint were mailed to Defendant on June 21, 2019.  *Id.*

1

7). Thereafter the Government filed a Motion for Default Judgment on July 19, 2019. (Dkt. No. 8).

Annexed to the Complaint is a certificate of indebtedness dated May 7, 2019 ("COI"). (Dkt. No. 1-1). The COI certifies that "[o]n or about 03/10/02, [Defendant] executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education. This loan was disbursed for $24,026.87 and $29,475.05 on 05/02/02 through 07/15/02 at 6.00 percent interest per annum." *Id.* According to the COI, the U. S. Department of Education (the "Department") demanded payment and Acampora defaulted on June 4, 2007. *Id.* As stated in the COI, a total of $11,248.39 in unpaid interest was capitalized and added to the principal balance pursuant to 34 C.F.R. § 685.202(b), and $8,385.92 in payments was credited to the account. *Id.* The Government contends therefore that Acampora owes $64,213.73 in principal and $43,540.58 in interest, for a total debt of $107,754.31 and interest accruing at $10.55 per day. *Id.*

The Government seeks default judgment against Defendant in the amount of $107,754.31, plus interest accruing at the rate of $10.55 per day from May 8, 2019 through the date of judgment. Additionally, the Government requests post-judgment interest accruing pursuant to 28 U.S.C. § 1961(a).

## II. DISCUSSION

### A. Liability

Federal Rule of Civil Procedure 55 establishes a two-step process for a movant to obtain a default judgment. *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d. Cir. 2011). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after the Clerk of the Court has entered the default, "the party seeking relief 'must apply to the court for a default judgment.'" *Tr. of the Pavers & Rd. Builders Dist. Council Welfare, Pension, Annuity & Apprenticeship, Skill Improvement & Safety Funds v. Tri State Constr. & Masonry Corp.*, No. 15-CV-6686 (RJD) (RER), 2017 WL 9485701, at *1 (E.D.N.Y. May 11, 2017), *R & R adopted by* 2017 WL 2559126 (June 13, 2017) (quoting Fed. R. Civ. P. 55(b)(2)).

Because the Second Circuit prefers to resolve disputes on their merits, defaults are "generally disfavored" and "reserved for rare occasions." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d. Cir. 1993). Ultimately the decision to grant a motion for default judgment is left "to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Id.* at 95.

"A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true." *United States v. Myers*, 236 F. Supp. 3d 702, 706 (E.D.N.Y. 2017). The court is responsible for ensuring that the well-pleaded factual allegations, accepted as true, establish liability. *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010). If the court concludes that liability is established, it shall "make an independent assessment of damages." *Id.* at 155.

In order to obtain a default judgment for recovery of unpaid student loans, the Department must establish that "the defendant signed a promissory note to secure the loan, the [Department] issued the loan funds, the defendant defaulted on the loan and the remaining amount due on the loan." *United States v. Thomas*, No. 16-CV-6076 (MKB), 2017 WL 2656123, at *2 (E.D.N.Y. June 19, 2017).

Here, the Certificate of Indebtedness establishes that Acampora "executed a promissory note to secure" the Loan, that the Department issued the Loan, and that the Acampora defaulted on the Loan. (Dkt. No. 1-1; *see also* Dkt. No. 8-1 ("Lowery Aff.")). Thus, the Government has established that Acampora is liable to the Government for the remaining balance on the Loan.

### B. Damages

Though a party's default establishes all well-pleaded allegations of liability, it does not constitute an admission of damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The Government must establish damages with a reasonable certainty. *See United States v. Kemp*, No. 15-CV-2419, 2015WL6620624 (PKC), at *2 (E.D.N.Y. Oct. 30, 2015) (citing *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir.1999).

Although this Court has awarded the Government damages based solely on a certificate of indebtedness, *United States v. Richardson*, No. 17-CV-2982 (RRM) (CLP), 2018WL4138934 at *4 (E.D.N.Y. Feb. 13, 2018) (collecting cases), I am reluctant to recommend so here. Despite the Government's submission of both a COI and a sworn affidavit from loan analyst Anthony Lowery attesting to his personal knowledge of the documents relating to this action and attesting to the accuracy of the amount of damages requested (*See* Lowery Aff.), I cannot in good conscience recommend that the Government recover the amount it seeks. The face of the COI raises questions as to the accuracy of the Government's accounting.

The COI reflects that the "Direct Consolidated" Loan was disbursed for $24,026.87 and $29,475.05 from May 2, 2002, through July 15, 2002, at six percent interest. That is a total of $53,501.92 as of July 15, 2002. The COI further notes that $11,248.39 in unpaid interest was capitalized and added to the principal, for a total of $64,750.31 in "principal balance." The COI further notes that $8,385.93 in payments were credited to the "balance," but does not specify if this amount was credited to the principal balance or to the total debt. Had the payments been credited to the principal balance, $64,750.31 minus $8,385.93 would equal $56,364.38; yet the COI indicates that the principal balance is $64,213.73. Furthermore, there is no accounting of interest that was paid. The Government does not explain this discrepancy in any of its submissions. Quite simply, the math does not add up. At the very least, the COI does not reflect an accurate mathematical analysis of the account, how the current balance was calculated, or how the interest was calculated. Without such an accounting, the Court would be speculating as to the amount due on the account. The Government has failed in its burden to establish the damages to which it is entitled. Accordingly, I respectfully recommend that the motion for default judgment be denied.

## III. CONCLUSION

For the foregoing reasons, I respectfully recommend that the Government's Motion for Default Judgment be denied without prejudice to a subsequent motion predicated upon a sufficient showing of damages to which it is entitled.

The Government's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendant by regular and certified mail and to file proof of service on CM/ECF. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Kiyo Matsumoto within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 36(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED.

*Ramon E. Reyes, Jr.*
Ramon E. Reyes, Jr.
U.S. Magistrate Judge

Dated: February 18, 2020
   Brooklyn, NY